IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) TIGER PLAZA ON KENOSHA, L.L.C. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   23-cv-00528-SH |
| | ) | |
| 2) TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## COMPLAINT

COMES NOW, Plaintiff Tiger Plaza on Kenosha, L.L.C. ("Tiger Plaza") and for its *Complaint* states:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Tiger Plaza is an Oklahoma limited liability company in good standing with its principal place of business at 902 West 23rd Street, Tulsa, Oklahoma 74107.

2.      Defendant Travelers Casualty Insurance Company of America ("Travelers Casualty") is a foreign corporation organized and incorporated in the state of Connecticut with its principal place of business in Connecticut.  The Oklahoma Insurance Department has authorized Travelers Casualty to do business in Oklahoma.  Travelers Casualty can be served via the Oklahoma Insurance Department at 400 Northeast 50th Street, Oklahoma City, OK 73105.

3.      This Court has jurisdiction over this matter because plaintiff and Travelers Casualty are residents of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  28 U.S.C. § 1332.

4.      This Court has jurisdiction over Travelers Casualty because Travelers Casualty issued these insurance policies to a resident of Tulsa, Oklahoma to cover real property located in

Broken Arrow, Oklahoma.  Travelers Casualty is licensed to do business in Oklahoma and has regular contacts with Oklahoma.

5.      Venue is proper because the insured is a resident of Tulsa, Oklahoma, the insured property is in Broken Arrow, Oklahoma, the damage occurred in Broken Arrow, Oklahoma, and defendant issued the insurance policy in Broken Arrow, Oklahoma. 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL COUNTS

6.      On October 5, 2018, Travelers Casualty issued Policy No. 680-4G841147-18-42 (the "Casualty Policy") to Tiger Plaza, insuring the property located at 2520 East Kenosha Street, Broken Arrow, Oklahoma 74014 (the "Property").

7.      The limit of insurance in the Casualty Policy for the Property is $4,000,000.

8.      The Casualty Policy was in effect from 2016 through 2019.

9.      The Casualty Policy states that Travelers Casualty "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from a Covered Cause of Loss."

10.     The Covered Property includes the "building" on the Property.

11.     The Casualty Policy identifies covered causes of loss as all "RISKS OF DIRECT PHYSICAL LOSS" except for those expressly excluded by the policy.

12.     Casualty Policy's definition of "Specified Causes of Loss" includes "windstorm or hail."

13.     The Casualty Policy states that, in "the event of damage by a Covered Cause of Loss to a building that is Covered Property," Travelers will "pay for" the "increased cost of construction, meaning the increased cost to repair, rebuild, or construct the property as a consequence of enforcement of the minimum requirements of any ordinance or law."

2

14.   During the term of the Casualty Policy, Tiger Plaza owned the Property.

15.   Tiger Plaza continues to own the Property.

16.   During the Casualty Policy period, a hailstorm occurred in and around Broken Arrow, Oklahoma.

17.   That hailstorm caused damage to nearly all exterior surfaces of the Property.

18.   The hailstorm damage to the Property included, but was not limited to, damage to the roof membrane.

19.   Portions of the roof of the Property consists of half-inch wood fiberboard with 2.5 inches of faced ISO with mod bit roof surface, which has an IECC R-Value code of approximately 15.6.

20.   The hailstorm caused the underlying surface of the mod bit in the Property's roof to incur water damage.

21.   International Code Council Chapter 15, which the local government has adopted, requires the wet roof system to be removed and replaced.

22.   International Code Council Energy Code (Zone 3) requires an R-Value code of 25, which means repairing the hail damage to the roof with approximately four inches of ISO and one inch of fiberboard.

23.   The hailstorm damaged the Property's gutters and downspouts.

24.   The hailstorm damaged HVAC units on the roof of the Property.

25.   The hailstorm damaged the EIFS exterior of the Property.

26.   The hailstorm caused the roof of the Property to leak.

27.   Any roof repairs or replacement must comply with all other applicable code.

28.     Following the windstorm and hailstorm, Tiger Plaza used all reasonable means to save and preserve the Property from further damage.

     a.     Tiger Plaza promptly made temporary repairs to the Property.

     b.     Despite Tiger Plaza's best efforts, tenants still reported leaks that Tiger Plaza repaired when reported.

29.     It will cost more than $1,400,000 to repair the Property.

30.     Tiger Plaza reported its property damage loss to Travelers Casualty.

31.     Travelers Casualty assigned Claim No. DHY1022001H to Tiger Plaza's claim under the Casualty Policy for damage to the Property (the "Claim").

32.     Travelers Casualty admits that hail or wind caused damage to the Property.

33.     Travelers Casualty only paid $80,820.33 to repair some of the damage to the Property.

34.     On September 27, 2022, Travelers Casualty conducted a supplemental inspection of the Property as further investigation of the Claim.

35.     On December 7, 2022, Travelers Casualty sent a letter to Tiger Plaza partially denying the Claim but offering to consider any new information that might still be provided.

36.     On January 17, 2023, Travelers Casualty stated that the "main difference" between the positions held by Travelers Casualty and Tiger Plaza was "the scope of damages."  Travelers Casualty believed that minor roof repairs were sufficient, and Tiger Plaza knew that the roof needed to be replaced.

37.     On August 17, 2023, Travelers Casualty informed Tiger Plaza that Travelers Casualty had reviewed information received from Tiger Plaza on May 9, 2023 and concluded that Travelers Casualty would not make any additional payments under the Claim.

38.     Between when the loss occurred and August 17, 2023, Travelers Casualty—by its conduct—led Tiger Plaza to believe that the Claim would be fully paid.  That conduct lulled Tiger Plaza into inaction.

## COUNT I
### (Breach of Contract)

39.     Tiger Plaza incorporates its other allegations by reference as though stated herein.

40.     The Casualty Policy is a valid and binding contract between Travelers Casualty and Tiger Plaza.

41.     Tiger Plaza complied with the terms of the Casualty Policy.

42.     The Casualty Policy provides coverage for direct physical loss of or damage to the Property caused by, *inter alia*, windstorms and hailstorms.

43.     The Property suffered direct physical loss and damage caused by a windstorm and hailstorm.

44.     Travelers Casualty breached the policies by refusing to pay the total amount necessary to properly repair the damage caused to the Property by the windstorm and hailstorm.

45.     The Casualty Policy provides coverage for the cost of demolition and increased construction costs required by applicable ordinance or law.

46.     The Property suffered direct physical damage due to a hailstorm and windstorm.

47.     The local government has ordinances that increased the cost of partially demolishing and reconstructing the Property.

48.     Travelers Casualty breached the Casualty Policy by not paying Tiger Plaza for those increased costs of demolition and reconstruction for occupancy similar to how the Property was occupied prior to the windstorm and hailstorm.

49.     Travelers Casualty's breach of the Casualty Policy caused damages to Tiger Plaza because it did not receive the insurance benefits for which it contracted and paid, and it did not receive the funds necessary to properly repair its Property.

## COUNT II
### (Bad Faith)

50.     Tiger Plaza incorporates its other allegations by reference as though stated herein.

51.     Travelers Casualty is an insurance company.

52.     Tiger Plaza was covered under Travelers Casualty's policy when the property damage occurred.

53.     As an insurance company, Travelers Casualty had an implied duty to deal fairly and act in good faith with Tiger Plaza so as not to deprive Tiger Plaza of the benefits of the policies.

54.     *Inter alia*, Travelers Casualty had the duty to promptly settle Tiger Plaza's claim for the value or within the range assigned to the claim as a result of its investigation.

55.     Travelers Casualty violated its implied duty to act in good faith by not conducting an investigation that was reasonably appropriate under the circumstances.

        a.      Travelers Casualty did not inspect all areas of damage pointed out by Tiger Plaza.

        b.      Travelers Casualty did not spend sufficient time and resources to inspect the Property.

56.     Travelers Casualty violated its implied duty to act in good faith by omitting or ignoring different elements of Tiger Plaza's damages when making payment.

57.     Travelers Casualty's actions were unreasonable under the circumstances.

58.     Travelers Casualty failed to deal fairly and act in good faith toward Tiger Plaza in handling the Claim.

6

a.       Travelers Casualty did not timely respond to Tiger Plaza's inquiries.

b.       Travelers Casualty did not address codes applicable to the repairs.

c.       Travelers Casualty did not respond to the content of all of Tiger Plaza's evidence of damages and demands for repairs.

59.     Travelers Casualty's breach of its duty of good faith and fair dealing was the direct cause of damages sustained by Tiger Plaza.  The core element of those damages was composed of the insured loss.

60.     Travelers Casualty acted with a reckless disregard toward Tiger Plaza's rights.

61.     Malice and evil intent may be inferred from Travelers Casualty's acts.

WHEREFORE, plaintiff The Tiger Plaza on Memorial, L.L.C. prays that this Court enter judgment in its favor and against Travelers Casualty on all counts; award plaintiff compensatory damages in an amount to be proven at trial and in excess of $75,000; award plaintiff punitive damages; award plaintiff prejudgment interest; award plaintiff post-judgment interest; award plaintiff its costs and attorneys' fees; and order such other and further relief as is just and proper.

Respectfully submitted,

**GOODWIN LEWIS, PLLC**

By:       */s/ Jason Reese*
          Jason Reese, OBA # 20813
          420 NW 6th Street, Second Floor
          Oklahoma City, OK 73102
          Tel: 405.900.5700
          Email: JReese@GoodwinLewis.com

**LEVY CRAIG LAW FIRM**
A PROFESSIONAL CORPORATION

By       */s/ Shane C. Mecham*
         Shane C. Mecham          MO # 56871
         ***Pro Hac Vice* Application Forthcoming**
         4520 Main Street, Suite 1600

7

Kansas City, Missouri 64111
(816) 474-8181
Fax: (816) 382-6606
smecham@levycraig.com

*The Tiger Plaza on Memorial, L.L.C.*

4887-1656-0744, v. 1