**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TIGER PLAZA ON KENOSHA, L.L.C.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,**<br><br>**Defendant.** | **Case No. 23-CV-00528-SEH-SH** |

**OPINION AND ORDER**

Before the Court is Defendant Travelers Casualty Insurance Company of America's ("Travelers") motion for summary judgment. [ECF No. 38]. Plaintiff Tiger Plaza on Kenosha, L.L.C. ("Tiger Plaza") sued Travelers, its insurer, alleging breach of contract and bad faith. [ECF No. 2]. In moving for summary judgment, Travelers argues these claims are time-barred by the insurance policy's suit limitation clause and Oklahoma's statute of limitations. [ECF No. 38 at 18–22]. The Court agrees.

Accordingly, Travelers's motion for summary judgment [ECF No. 38] is granted.

## I. Background[1]

In July 2019, Tiger Plaza filed a claim with Travelers under its insurance policy for storm damage that reportedly occurred in April 2019. [EFC No. 45, at 1–2]. Travelers assessed the damage to the property and engaged a third-party consultant to investigate the roof damage.[2] [ECF No. 38 at 7].

In August and September 2019, Travelers communicated its coverage determination. [ECF Nos. 38-3, 38-4, 38-5]. In a letter to Tiger Plaza, Travelers explained that it had concluded, based on the third party's assessment, that "no hail damage was observed to the modified bitumen roofing system, the concrete roof, or the EIFS cladding." [ECF No. 38-5 at 1]. Accordingly, Travelers determined that the policy did not cover damage to those areas and directed Tiger Plaza to the applicable policy terms. [*Id.* at 2–3]. Travelers also addressed Tiger Plaza's claim that pre-existing roof leaks became significantly worse after the hailstorm. [*Id.* at 2]. Travelers stated that the third-party consultant found that the history of leaks was not the

---

[1] For purposes of determining the motion, the Court sets out facts that are undisputed between the parties, unless otherwise noted.

[2] In its response to Travelers's summary judgment motion, Tiger Plaza disputes whether Travelers "investigated and adjusted the claim," [ECF No. 45 at 2], but elsewhere acknowledges that Travelers visited the property to inspect it, hired a third-party consultant to assess the damage, communicated its coverage determination to Tiger Plaza, and paid Tiger Plaza $80,818.33 under the policy. [ECF No. 16 at 2–3; ECF No. 38-13 at 32; ECF Nos. 38-3, 38-4, 38-5]. Rule 56 permits courts to consider materials in the record other than those cited by the parties. Fed. R. Civ. P. 56(c)(3).

result of the hail damage; rather, the leaks were caused by other roofing deficiencies. [*Id.*]. Citing to the policy, Travelers explained that it would not cover interior damage to the property. [*Id.* at 2–3]. Travelers acknowledged that it made that determination without inspecting the property's interior. [*Id.* at 2]. At the close of the coverage determination letter, Travelers invited Tiger Plaza to provide additional relevant information to the claim. [*Id.* at 3]. Based on its coverage determination, Travelers made three payments to Tiger Plaza, totaling $80,818.33. [ECF No. 45 at 2]. Tiger Plaza provided no additional information and did not question or challenge Travelers's coverage determination until September 2022. [ECF No. 38-13 at 65, 71].

After September 2019, the property's roof continued to leak. [ECF No. 2 at 4]. Tiger Plaza contacted Stan Williams, a certified adjuster, to inspect the property for "damages caused by an April 28, 2019 hail and windstorm." [ECF No. 45-2 at 2]. Williams inspected the property and provided Tiger Plaza with a report of his assessment on March 1, 2022. [ECF No. 45-3 at 5].

On September 1, 2022, approximately three years after Travelers paid the claim, Tiger Plaza emailed Travelers, asking that it reconsider its coverage determination. [ECF No. 38-13 at 70–71; ECF No. 38-7 at 1]. Tiger Plaza described Travelers's 2019 settlement of the claim as "neither fair nor reasonable." [ECF No. 38-13 at 70–71; ECF No. 38-7 at 1]. At Tiger Plaza's request, Travelers inspected the property again. [ECF No. 45 at 11]. On

December 7, 2022, Travelers sent Tiger Plaza a letter stating that its original coverage determination and valuation remained the same and that no additional payments would be made on the claim. [ECF No. 38-7 at 2; ECF No. 38-13 at 76].

On December 5, 2023, Tiger Plaza sued Travelers, asserting breach of contract and bad faith. [ECF No. 2]. In its complaint, Tiger Plaza alleges that the April 2019 hailstorm "caused damage to nearly all exterior surfaces" of the property, including the roof, modified bitumen roofing system, and the EIFS exterior. [*Id.* at 3]. Tiger Plaza further alleges that damage from the hailstorm caused the roof to leak. [*Id.*].

**II. Standard**

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In applying the summary judgment standard, a court must view facts in the light most favorable to the non-moving party. *Forth v. Laramie Cnty. Sch. Dist. No. 1*, 85 F.4th 1044, 1059 (10th Cir. 2023). But "[w]here the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The court's role at the summary judgment stage is not to weigh the evidence or resolve any disputed issues in favor of the moving party. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014). Rather, a court determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson* 477 U.S. at 251–52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

The moving party has the initial burden of showing that no genuine dispute of material fact exists. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998). The movant "need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citation and internal quotation marks omitted). If the movant carries its initial burden, "the burden shifts to the nonmovant to ... set forth specific facts ... from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671 (citations and internal quotation marks omitted). The nonmovant must set forth facts "by reference to affidavits, deposition

transcripts, or specific exhibits …." *Id.* (citing *Thomas v. Wichita Coca–Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied*, 506 U.S. 1013 (1992)). "In response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." *Am. Soc'y of Home Inspectors, Inc. v. Int'l Ass'n of Certified Home Inspectors*, 36 F.4th 1238, 1244 (10th Cir. 2022) (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

## III. Discussion

In seeking summary judgment, Travelers argues that both Tiger Plaza's claims are time-barred: the breach of contract claim by the policy's suit limitation period and the bad faith claim by Oklahoma's statute of limitations. [ECF No. 38 at 18–21]. In response, Tiger Plaza argues that neither are time-barred. [ECF No. 45 at 12–15]. On the breach of contract claim, Tiger Plaza contends that Travelers waived the contractional suit limitation through its conduct. [*Id.* at 12–13]. On the bad faith claim, it argues that its claim did not accrue until Travelers denied additional payment in 2023, after reinspecting the property. [*Id.* at 13–15]. Tiger Plaza additionally argues that Travelers fraudulently concealed material facts that tolled the statute of limitations until August 2023. [*Id.* at 14–15].

***A. Breach of Contract Claim***

Travelers argues that Tiger Plaza's breach of contract claim is time-barred by the policy's two-year suit limitation period. [ECF No. 38 at 18–19]. Tiger Plaza does not challenge the enforceability of the policy's limitation period. [ECF No. 45 at 12–13]. Rather, it contends that a genuine dispute of material facts exists as to whether Travelers's conduct waived the limitation period. [*Id.*].

The policy's contractual suit limitation provision, titled "Legal Action Against Us," requires any legal action to be brought "within 2 years after the date on which the direct physical loss or damage occurred." [ECF No. 38-2 at 45, § F4(b)]. This provision is unambiguous and enforceable. *Parrish v. Farmers Ins. Co., Inc.*, No-21-cv-00280-GKF, 2022 WL 3139750, at *7 (N.D. Okla. Aug. 5, 2022) (noting that courts interpreting Oklahoma law have consistently found similar limitation provisions unambiguous and enforceable); *The Renaissance on Memorial, L.L.C. v. Travelers Cas. Ins. Co.*, No. 23-cv-472-JDR, 2025 WL 1194998, at *2 (N. D. Okla. April 24, 2025) (finding the same limitation provision unambiguous and enforceable).

The direct physical loss and damage to Tiger Plaza occurred on April 28, 2019; therefore, under the contractual limitation period, Tiger Plaza was prohibited from filing suit after April 28, 2021. Because it filed suit on December 5, 2023—after the two-year contractual period expired—its breach

of contract claim is time-barred. That is, unless Travelers waived that limitation.

An insurer can waive a policy's contractual limitation period when it "lulls the insured into delaying commencement of an action until the limitation period has expired." *Oaks Indian Mission v. GuideOne Ins. Co., Inc.*, No. 04-cv-793-M, 2005 WL 8175515, at *4 (N.D. Okla. April 6, 2006). In determining waiver, courts "must focus on the insurer's conduct and whether the insurer's conduct prohibited the insured from filing suit within the contractual limitation period." *Parrish*, 2022 WL 3139750, at *7 (citing *Ins. Co. of N. Am. v. Bd. of Educ. of Indep. Sch. Dist. No. 12*, 196 F.2d 901, 904 (10th Cir. 1952)).

Waiver can occur when an insurer continues to communicate assurances and investigates a claim up to the expiration of the limitation period. *Prudential Fire Ins. Co. v. Trave-Taylor Co.*, 152 P.2d 273 (Okla. 1944). For example, in *Prudential*, an insurer investigated a claim and assessed the loss throughout the entire one-year contractual limitation period. *Id.* at 274. The insurer never advised the insured before its expiration that it planned to deny the claim. *Id.* After the limitation period expired, the insurer denied the claim, effectively preventing the insured from filing suit. *Id.* The Oklahoma Supreme Court held that the insurer "waived the limitation provision when it

did not deny liability within time to enable the plaintiff to institute the action within the limitation provision contained in the policy." *Id.* at 275.

Here, Tiger Plaza argues that Travelers is not entitled to summary judgment under the policy's limitation provision because a dispute of fact exists as to whether it waived the limitation period. [ECF No. 45 at 13]. Whether waiver occurred typically is a question of fact for the jury. *Oaks Indian Mission*, 2005 WL 8175515, at *4. However, when the plaintiff fails to show a genuine dispute of a material fact as to whether the defendant waived the limitation period, summary judgment is appropriate. *Parrish*, 2022 WL 3139750, at *8. That is the case here.

First, Tiger Plaza argues that Travelers waived the limitation period by not communicating that it had closed the claim and that no additional payments would be made. [ECF No. 45 at 13]. But an insurer's "lack of denial is irrelevant when it accepts plaintiff's claim, pays the value of the claim, and does not negotiate any further." *Barraza v. State Farm Fire and Cas. Comp.*, No. 21-cv-0282-CVE, 2023 WL 359518, at *7 (N.D. Okla. Jan. 23, 2023). Travelers accepted Tiger Plaza's claim, paid it based on its coverage determination, and did not negotiate any further. Therefore, it is immaterial whether Tiger Plaza knew that the claim was closed.

Next, Tiger Plaza argues that Travelers's willingness to reinspect the property and consider additional payments in 2022 led it to believe that the

2019 claim remained open. [ECF No. 45 at 13]. However, in determining whether waiver occurred, only the insurer's conduct *before* the expiration of the limitation period is relevant. *See The Renaissance on Memorial, L.L.C.*, 2025 WL 1194998, at *2 (N. D. Okla. April 24, 2055) (reviewing only insurer's conduct before the expiration period when determining whether insurer waived limitation period); *see also Parrish*, 2022 WL 3139750, at *8 (granting summary judgment based on policy limitation when plaintiff offered "no evidence of [the insurer's] conduct during the period from the [claim] payment to expiration" of the limitation period).

Here, Tiger Plaza offers no evidence that before the two-year limitation period expired Travelers represented it was continuing to investigate the claim or took any action to further its investigation. It is undisputed that Travelers communicated its coverage determination to Tiger Plaza by letter in September 2019. [ECF No. 38-5 at 2–3; ECF No. 38-13 at 61-64]. It explained the extent of damages covered and not covered by the policy. [ECF No. 38-5 at 2–3]. In August and September 2019, Travelers paid Tiger Plaza based on that coverage determination. [ECF No. 45 at 2]. Under the contractual limitation provision, Tiger Plaza had two years from the date of the loss to file suit. [ECF No. 38-2 at 45, § F4(b)]. Tiger Plaza offers no evidence that, during this period, it provided additional information, questioned, or challenged Travelers's coverage determination. [ECF Nos. 2,

45]. Tiger Plaza also fails to point to any conduct by Travelers that prevented or prohibited it from filing suit before, or even after, the contractual limitation period expired. *See Agric. Ins. Co. of Watertown, N.Y. v. Iglehart*, 386 P.2d 145, 146 (Okla. 1963) (explaining that an insurer defendant can rely on a policy's suit limitation period when it "paid plaintiff what it considered to be the reasonable value of plaintiff's loss and denied liability for anything in excess of that.").

Tiger Plaza fails to show a genuine dispute of material fact exists as to whether Travelers's conduct resulted in a waiver of the contractual limitation period. Accordingly, Travelers is entitled to summary judgment on Tiger Plaza's breach of contract claim.

***B. Bad Faith Claim***

Both parties agree that Oklahoma's two-year statute of limitations applies to Tiger Plaza's bad faith claim. [ECF No. 38 at 19; ECF No. 45 at 13]. They disagree, however, as to when the bad faith claim accrued. [ECF No. 38 at 20–21; ECF No. 45 at 14]. Travelers argues that Tiger Plaza's bad faith claim is time-barred because, at the latest, the claim accrued at the time of its coverage determination and payment in September 2019. [ECF No. 38 at 21]. Tiger Plaza bases its bad faith claim on Travelers's conduct both during the initial claim processing in 2019 *and* during reassessment of the claim in 2022. [ECF No. 45 at 14]. Tiger Plaza contends that its claim did not accrue

until 2023, when Travelers communicated that it would not change its coverage determination. [*Id.*]. Alternatively, Tiger Plaza argues that the statute of limitations should be tolled because Travelers fraudulently concealed facts material to its claim. [*Id.* at 14–15].

Under Oklahoma law, "[a] bad faith tort action must be brought within two years 'after the cause of action shall have accrued.'" *Morgan v. State Farm Mutual Auto. Ins. Comp.*, 488 P.3d 743, 746 (Okla. 2021). To determine when a bad faith claim accrues, Oklahoma courts apply the discovery rule. *Blue v. Universal Underwriters Life Ins. Co.*, 612 F. Supp. 2d 1201, 1203 (N.D. Okla. March 18, 2009) (quoting *Erikson v. Farmers Group, Inc.*, 151 F. App'x 672, 676 (10th Cir. 2005)). Under that rule, "the limitations period does not run until the date the plaintiff knew or should have known of the injury." *Id*. (quoting *The Samuel Roberts Noble Found., Inc. v. Vick*, 840 P.2d 619, 624 (Okla. 1992)). The rule tolls the limitation period "only until a plaintiff learns of an injury, and through prudent investigation, can obtain sufficient facts to state a cause of action." *Id.* at 1204 (quoting *Erikson*, 151 F. App'x. at 676). Importantly, accrual begins "when a litigant could *first* maintain the action to a successful conclusion." *Zewdie v. Safeco Ins. Comp. of America*, 304 F. Supp. 3d 1101, 1112 (W.D. Okla 2018) (quoting *Stephens v. Gen. Motors Corp.*, 905 P.2d 797, 799 (Okla. 1995)) (emphasis added).

"Even under the discovery rule, however, a plaintiff is required to pursue claims with diligence." *Blue*, 612 F. Supp. 2d at 1203 (citing *Daugherty v. Farmers Coop. Ass'n*, 689 P.2d 947, 951 (Okla. 1984)). A plaintiff is "charged with having knowledge of those facts which ought to have been discoverable in the exercise of reasonable diligence." *Id.* "The statute of limitations is not tolled simply because a plaintiff 'negligently refrain[s] from prosecuting inquiries plainly suggested by the facts.'" *Id.* (quoting *Daugherty*, 689 P.2d at 951).

The statute of limitations for bad faith claims begins to run when insurance coverage is denied. *Tunnell v. State Farm Fire & Cas. Co.*, No. CIV-23-55-GLJ, 2024 WL 3606683, at *5 (E.D. Okla. July 31, 2024); *see Blue*, 612 F. Supp. 2d at 1203 ("Plaintiff's bad faith cause of action arose on December 31, 2003, when her claim was denied."). Here, Travelers never denied Tiger Plaza's claim. Rather, it determined the covered and uncovered losses and paid Tiger Plaza based on that coverage determination. Therefore, the issue before the Court is when the statute of limitations for a bad faith claim begins to run when the insurer pays.

Another district court wrestling with this issue determined that the claim accrues at the time of payment, so long as the plaintiff is aware of uncovered losses that could give rise to a claim. *Tunnell*, 2024 WL 3606683, at *5. In *Tunnell*, the plaintiff filed a claim with his insurer for water damage to his

home. *Id.* at *2. When inspecting the property, the defendant insurer found existing rot in the subflooring, which was not a covered loss. *Id.* The insurer informed the plaintiff of the covered and uncovered losses and issued payment. *Id.* Three years later, the plaintiff filed suit for bad faith, alleging that the inspection was inadequate. *Id.* at *3, *5. The insurer argued that the plaintiff's claim was time-barred by Oklahoma's two-year statute of limitations. *Id.* at *5. In response, the plaintiff argued that he did not have enough information to bring suit within the limitations period; therefore, the statute of limitations should be tolled. *Id.* The court disagreed. *Id.* It found that the plaintiff's bad faith claim accrued at the time of the coverage determination and payment because, at that time, plaintiff was aware the insurer would not be covering all the damage discovered in his home. *Id.*

Similarly here, Tiger Plaza's bad faith claim accrued at the time of Travelers's original coverage determination and payment in September 2019. Tiger Plaza based its bad faith claim on Travelers's alleged inadequate investigation of the property; specifically, by not spending "sufficient time and resources to inspect the property" in 2019. [ECF No. 45 at 14; ECF No. 2 at 6]. Additionally, Tiger Plaza alleged that Travelers omitted or ignored elements of Tiger Plaza's damages "when making payment." [ECF No. 2 at 6]. The facts related to the inspection of the property and factors used to calculate payment under the policy were available to Tiger Plaza when

Travelers made its initial coverage determination and payment. Accordingly, that is when its bad faith claim accrued. *Zewdie*, 304 F. Supp. 3d at 1112 (holding accrual on bad faith insurance claim began when plaintiff was aware of the facts on which the claim was based).

Tiger Plaza contends that the basis for its bad faith claim is not only Travelers's conduct in 2019, but also its conduct in 2022. [ECF No. 45 at 14]. It alleges that during reinspection in 2022, Travelers inadequately investigated the property, failed to timely respond to communication, and never informed Tiger Plaza that the claim was closed. [*Id.*].

However, Travelers's conduct in 2022 did not toll the statute of limitations. Like the plaintiff in *Tunnell*, Tiger Plaza knew when Travelers made its coverage determination and payment in 2019 that Travelers would not cover all the damage to its property. [ECF No. 38-13 at 61–64]. "[A] plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Tunnell*, 2024 WL 3606683, at *5 (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004)). Tiger Plaza *first* knew or could have discovered with reasonable diligence sufficient facts to form the basis of its bad faith claim in 2019. Travelers's willingness to reinspect the property and reassess its original determination, at Tiger Plaza's request, did not change Tiger Plaza's ability to bring a bad faith claim. *The Renaissance on Memorial, L.L.C.*, 2025 WL 1194998, at *3 (holding, on similar facts, that,

despite a later reinspection of the same property, accrual began at the time of the initial coverage determination and payment). Therefore, the Oklahoma two-year statute of limitations bars this claim.

Tiger Plaza's fraudulent concealment argument also fails. Under Oklahoma law, fraudulent concealment of an injured party's cause of action may toll the statute of limitations. *Tunnell*, 2024 WL 3606683, at *3. However, if the defendant did not commit an "actual artifice to prevent knowledge or some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry, the statute is not tolled…." *Wills v. Black & West, Architects*, 344 P.2d 581, 584 (Okla. 1959). And if tolled, the tolling ends "when the plaintiff knows, or reasonably should know, of enough critical facts about the injury and its cause to protect himself or herself by seeking legal assistance." *Lewis v. Wal-Mart Stores, Inc.*, No. 02CV0944CVE-FHM, 2005 WL 3263377, at *8 (N.D. Okla. Dec. 1, 2005) (quoting *Tice v. Pennington*, 30 P.3d 1164, 1171 (Okla. Civ. App. 2001)). The plaintiff bears the burden to provide evidence of fraudulent concealment sufficient to withstand a motion for summary judgment. *Williams v. Borden, Inc.*, 637 F.2d 731, 739 (10th Cir. 1980).

Here, Tiger Plaza bases its fraudulent concealment argument on Travelers's failure to communicate: (1) that the claim was closed; (2) that no more money would be paid; or (3) that the coverage decision could be

challenged. [ECF No. 45 at 14–15]. But the undisputed facts show that Travelers communicated its coverage determination and payment to Tiger Plaza in September 2019. [ECF No. 38-5 at 2–3]. Regarding the modified roofing system, concrete roof tile, and EIFS cladding, Travelers's letter stated, "we have determined that coverage is not provided for this portion of your claim." [*Id.* at 2]. For interior water damage, the letter stated, "this damage is not covered by the policy." [*Id.* at 3]. And Tiger Plaza provides no evidence of any affirmative act or misrepresentation by Travelers in 2019 that prevented it from knowing the claim was closed, that no more payment would be made, or that the decision could be challenged. Accordingly, Tiger Plaza fails to provide evidence of fraudulent concealment sufficient to toll the statute of limitations and withstand summary judgment.

For these reasons, Tiger Plaza's bad faith claim accrued in September 2019, and the two-year statute of limitations expired in September 2021. Because Tiger Plaza filed suit in December 2023, after the statute of limitations period expired, Tiger Plaza's bad faith claim is time-barred and Travelers is entitled to summary judgment on this claim.

## IV. Conclusion

For the reasons explained above, Travelers's motion for summary judgement [ECF No. 38] is GRANTED. The Court will enter a separate judgment.

DATED this 23rd day of October, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE